**\*\*E-filed 2/2/12\*\***

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| AURORA LOAN SERVICES, LLC, | No. C 11-0851 RS |
| Appellant, | Bankruptcy No. 09-43995 RE |
| v. | **ORDER AFFIRMING ATTORNEY FEE AWARD** |
| RAUL A. GUZMAN, et al., | |
| Appellees. | |

_____/

## I.  INTRODUCTION

Appellant Aurora Loan Services, LLC challenges a $4800 attorney fee award entered against it by the Bankruptcy Court, contending that the court erred in relying on a contractual attorney fee provision and California Civil Code §1717 to award fees in the context of the debtors' motion seeking sanctions for an alleged violation of the automatic stay.  Because the debtors' motion included a request for a determination that Aurora was attempting to collect fees not permitted by the relevant contract, and because the court ultimately applied only California contractual law in resolving the dispute, its application of §1717 and the contract fee provision was legally correct, and its order will be affirmed.

**United States District Court**
For the Northern District of California

## II.  BACKGROUND

Appellees Raul and Marta Guzman are the debtors in this Chapter 13 bankruptcy proceeding.  Under their confirmed plan, they are to make monthly mortgage payments on their residence directly to Aurora.  In September, October, and December, of 2009, Aurora sent the Guzmans account statements reflecting the amounts it contended were due pursuant to the loan terms.  Aurora contends such statements are "informational only" when a borrower is in bankruptcy, as the actual payment amounts are controlled by the bankruptcy plan.  The statements specifically included a notice that, as to borrowers in bankruptcy, the statements should not be seen as an attempt to collect a debt, and that such borrowers may request that no further statements be sent.

The September statement included a $150 charge labeled as "Cumulative Advances," which "include but are not limited to property inspection fees, property preservation fees, legal fees, foreclosure fees and costs, appraisal fees, the costs of broker price options . . . title report fees, recording fees, and subordination fees."  Not wanting to incur late fees, the Guzmans included the $150 in their September payment, despite uncertainty as to what it represented.

The October statement then included a charge for $300 in Cumulative Advances.  In December, the Cumulative Advances charge increased to $500.  After unsuccessful attempts to obtain a clear explanation as to the basis of these charges, the Guzmans filed a motion in the Bankruptcy Court seeking "damages, attorney's fees, and sanctions for willful violation of the automatic stay."  The motion argued that Aurora had violated the automatic stay by imposing and collecting "unjustified" and "unauthorized" post-petition fees without seeking court approval.

During the course of the motion proceedings, Aurora conceded that the $200 added to the December statement was erroneous.  At the hearing, Aurora further explained that the $300 shown on the October statement was not a wholly new charge, rather it represented the $150 first shown on the September statement, plus an additional, separate $150 fee.  The Guzmans' payment of the first $150 in September had been placed in a "suspense account," rather than applied as a credit, for some reason apparently connected to the fact that Aurora recognized they were in bankruptcy. While Aurora never offered a clear explanation as to why its statements are presented in such a

**United States District Court**
For the Northern District of California

manner, a reasonable inference is its accounting software and statement design is not well adapted for use in cases where the borrower is in bankruptcy.

The end result, however, was that upon conclusion of the motion hearing, it was apparent that of the $500 in "Cumulative Advances" shown on the December statement, the Guzmans at most still owed only $150, because Aurora admitted that the $200 charge was erroneous, and the Guzmans' first $150 payment was already in Aurora's possession in the "suspense account."[1]  The Bankruptcy Court indicated that under *In re Jones,* 420 B.R. 506 (B.A.P. 9th Cir. 2009), it was not inclined to rule that Aurora's sending of the statements, erroneous or not, constituted a violation of the automatic stay.  The court found, however, that the Guzmans had succeeded in showing that Aurora had no contractual right under the deed of trust to impose the $200 charge, and that of the remaining $300 listed on the December statement, half had already been paid.  Because the deed of trust undisputedly contains an attorney fee provision, the Court applied §1717 and awarded the Guzmans $4800 in fees.[2]

### III.  DISCUSSION

Section 1717 provides, in relevant part,

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Aurora contends the Bankruptcy Court erred in awarding fees because the Guzmans' motion sought to establish a violation of the automatic stay and was therefore not an "action on a contract."  The label of a particular proceeding in a bankruptcy court, however, is not dispositive as to whether it

[1]  As the Guzmans point out, the Bankruptcy Court never made an express determination that Aurora was contractually entitled to impose either of the two $150 charges in September and October.

[2] In evaluating the dollar amount of the award, the Court expressly required the Guzmans to deduct from their claim fees attributable to attempting to establish a violation of the automatic stay.  Aurora has not challenged the calculation of the award or the reasonableness of the fees.

can be seen as an "action on a contract" within the meaning of §1717. *See In re Baroff*, 105 F.3d 439, 442-43 (9th Cir. 1997). In *Baroff*, certain creditors filed an action under Section 523 of the Bankruptcy Code, 11 U.S.C. § 523, contending that their claims against the debtor were nondischargeable. 105 F.3d at 440. The debtor prevailed, but the bankruptcy court refused to award attorney fees under a contract between the parties, and the district court affirmed. *Id.*

The Ninth Circuit reversed and remanded for a determination of the amount of fees to be awarded. *Id.* at 443. The court observed that while "[n]o general right to attorney fees exists under the Bankruptcy Code . . . a prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law *if state law governs the substantive issues raised in the proceedings*." *Id.* at 441 (emphasis added). The court specifically rejected the creditors' argument that a bankruptcy non-dischargeability proceeding could not be an "action on a contract," finding that the bankruptcy court had been required to adjudicate the rights of the parties under the contract to determine dischargeability. *Id.* at 442. Furthermore, the court pointed out, "California courts liberally construe 'on a contract' to extend to any action as long as an action 'involves' a contract and one of the parties would be entitled to recover attorney fees under the contract if that party prevails." *Id.* at 442-43 (quotations and citation omitted).

Here, while the Guzmans' motion may have been framed as primarily seeking a determination that Aurora had violated the automatic stay, it also plainly included allegations that there was no contractual basis to impose the charges in the first instance. *See*, *e.g.*, Motion at 5:25 ("Thus, debtors' deed of trust does not provide for the assessment of additional fees . . . ."). Furthermore, the ultimate adjudication of the Bankruptcy Court was that, based on Aurora's concession as to the $200 and its explanation as to the disposition of the Guzman's $150 payment, they did not in fact owe the $500 shown on the December statement. Thus, while Aurora's concession may have obviated the need for the court to delve deeply into an analysis of the deed of trust, the relief the Guzmans obtained through bringing their motion was based solely on substantive state law issues—i.e. that Aurora had no contractual basis to claim on the December statement that $500 in cumulative advances was owed. As such, their motion can properly be seen as an action

United States District Court
For the Northern District of California

4

United States District Court

For the Northern District of California

"on a contract" within the meaning of §1717, notwithstanding the fact that they also sought (but failed to obtain) relief under federal bankruptcy law.

Aurora further contends that even if the Guzmans' motion qualifies as an action on a contract, they cannot be deemed to have been prevailing parties because only $200 of the $500 in charges was determined to be improper. Aurora reasons that it therefore "prevailed" as to the remaining $300.[3] As reflected in the discussion above, that characterization of the extent of relief the Guzmans obtained is not supportable. Because Aurora's statements did not reflect a credit for the first $150 the Guzmans paid, their motion was successful in reducing their liability from the stated amount of $500 to no more than $150. That Aurora's *internal* records may have reflected the Guzmans' prior payment of the first $150 does not change the fact that they were successful in reducing the amount Aurora was claiming by $350. In contrast, Aurora "prevailed," at most, only as to the additional $150 first included in the October statement. As such, the Guzmans were entitled to their fees. *See* §1717(b)(1) ("the party prevailing on the contract shall be the party who recovered a greater relief in the action on the contract.")

Accordingly, the Bankruptcy Court correctly concluded that the Guzmans were prevailing parties in an "action on a contract" within the meaning of §1717, and did not err in awarding them attorney fees. The order is therefore affirmed.[4]

---

[3]  As noted above, the court did not actually rule as to whether the two $150 charges were proper under the deed of trust, but it is true that the Guzmans do not appear to be contesting them, at least at this juncture.

[4]  Aurora requests this Court to reach the question left undecided by the Bankruptcy Court as to whether there was any violation of the automatic stay. While any violation of the stay might serve as an alternative basis for affirming the fee award, such that consideration of the issue might be appropriate if §1717 did not apply, Aurora cannot show it is aggrieved by the Bankruptcy Court having not ruled on whether there was such a violation. Accordingly, there is no basis for this Court to reach the question.

1    IT IS SO ORDERED.

2    Dated: 2/2/12

3                                                    RICHARD SEEBORG
                                                     UNITED STATES DISTRICT JUDGE

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California